# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---X
JANE DOE, a minor, through her mother and guardian, MARY DOE, and MARY DOE individually,

Plaintiff(s),

-against-

UBER TECHNOLOGIES, INC.; and JOHN KOE, An individual whose identity is not at present known,

Defendant(s).
---X

Index No.:

**SUMMONS**

Plaintiff designates Nassau County as the place of trial.

The basis of venue is: Plaintiff's Residence.

Plaintiff Resides at:
North Woodmere, NY
County of Nassau

**To the above-named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Lawrence, New York
March 24, 2026

David J. Seidemann, Esq.
DJ SEIDEMANN & ASSOCIATES
*Attorneys for Plaintiff*
22 Beechwood Drive
Lawrence NY 11559
(718) 300-3382

PAUL M. SOD
*Attorney for Plaintiff*
337R Central Avenue
Lawrence, New York 11559
(516) 295-0707

TO: Uber Technologies, Inc.
175 Greenwich Street
New York, NY 10006

John Koe
175 Greenwich Street
New York, NY 10006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
JANE DOE, a minor, through her mother and guardian,
MARY DOE; and MARY DOE individually,

Plaintiff(s),

-against-

**VERIFIED COMPLAINT**

UBER TECHNOLOGIES, INC.; and JOHN KOE,
An individual whose identity is not at present known,

Defendant(s).
-----------------------------------------------------------------X

Plaintiff, by her attorneys, DAVID J. SEIDEMANN and PAUL M. SOD, complaining of the Defendants herein, respectfully alleges, upon information and belief:

1. That all times herein mentioned, Plaintiff JANE DOE (a fictitious name to protect her identity) was a resident of the County of Nassau, and State of New York.

2. That at all times herein mentioned, Plaintiff JANE DOE was 16 years old.

3. That all times herein mentioned, Plaintiff JANE DOE was the daughter of and under custody of her mother, MARY DOE (a fictitious name to protect her identity).

4. That at all times herein mentioned, Defendant UBER TECHNOLOGIES, INC., a foreign corporation, with principal place of business in California, conducting transportation business across the United Staes and in the State of New York, netting over $52 billion dollars per year in revenue.

5. Upon information in belief, UBER TECHNOLOGIES, INC. is licensed to business in the State of New York and has a corporate office located at 175 Greenwich Street, New York, NY 10006.

6. That on March 10th, 2026, and at all times herein mentioned, Defendant UBER

TECHNOLOGIES, INC. employed JOHN KOE (a fictitious name due to lack of identity at this time) as their driver.

7. That on March 10th, 2026, and at all times herein mentioned, Defendant JOHN KOE was a driver for Defendant UBER TECHNOLOGIES, INC.

8. That on March 10th, 2026, and at all times herein mentioned, the driver JOHN KOE was managed and controlled by Defendant UBER TECHNOLOGIES, INC. and Defendant UBER TECHNOLOGIES, INC. had a duty to manage and control the Defendant JOHN KOE to perform his services in a lawful and reasonably safe manner.

9. That on March 10th, 2026, and at all times herein mentioned, the car of JOHN KOE was managed and controlled by Defendant UBER TECHNOLOGIES, INC. and Defendant UBER TECHNOLOGIES, INC. had a duty to manage and control said vehicle in a lawful and reasonably safe manner.

10. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. uses an online and mobile software ("Uber App") to conduct its rides.

11. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. maintains, operates and controls a database of the users of the Uber App.

12. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. is capable of monitoring all transactions within the database of the Uber App.

13. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. promulgated rules and regulations such as age restrictions for its passengers and was obliged to enforce them.

14. That on March 10th, 2026, and at all times herein mentioned, UBER

TECHNOLOGIES, INC. maintained and controlled which drivers have access to its platform.

15. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. trained and had a duty to train all of its drivers.

16. That on March 10th, 2026 and at all times herein mentioned, UBER TECHNOLOGIES, INC. maintained what it called "Community Guidelines" for its drivers and customers.

17. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. trained and had a duty to train all of its drivers in the Community Guidelines.

18. That on March 10th, 2026, and at all times herein mentioned, all UBER TECHNOLOGIES, INC. drivers, including Defendant JOHN KOE were required to follow and apply the Community Guidelines.

19. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. had the ability to supervise and control its drivers, including Defendant JOHN KOE, and this supervision included rewards for high retention of riders and punishments, including possible suspension, for failing to follow the policies of Defendant UBER TECHNOLOGIES, INC., including Community Guidelines.

20. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. supervised and controlled all of its drivers, and did so to provide safe passage for all of its customers, in accordance with the law and in accordance with its Community Guidelines.

21. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. had an emergency button in their app for riders and drivers in which they

would provide the passengers and drivers the option to call 9-1-1 in case of emergencies

22. That as of March 10th, 2026 and at all times herein mentioned, UBER TECHNOLOGIES, INC. had specifically created its Community Guidelines for the safety of its riders, and reprsented the Community Guidelines on its website as follows:

> Our team works every day to help create safer experiences for everyone. Your safety drives us. That's why these standards were written."

https://www.uber.com/us/en/safety/uber-community-guidelines/, last visited on March 22, 2026.

23. That on March 10th, 2026 and at all times herein mentioned, UBER TECHNOLOGIES, INC. further represented and held out their Community Guidelines to the general public and to the Plaintiffs as follows:

> Our Community Guidelines were developed to help make every experience feel safe, respectful, and positive. In select cities, we have teen accounts available for teens aged 13-17. To create and use these accounts, explicit permission from a parent or guardian is required. Otherwise, an account holder must be 18 years or older. Account holders should not request a ride for someone under the age of 18 who will not be accompanied by either the account holder or another adult during the ride, unless the ride is being requested for a teen account holder.
>
> Account holders that violate these policies may temporarily or permanently lose access to the Uber Marketplace platform.

See, https://www.uber.com/blog/our-guidelines-for-trips-requests-from-minors/, last visited on March 22, 2026

24. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC., offered teen accounts for New York City and its suburbs. See, https://www.uber.com/us/en/ride/teens/?uclick_id=c3e9ca88-73db-434a-9524-3d623b1ae2b8, last visited on March 22, 2026

25. That on March 10th, 2026, and at all times herein mentioned, UBER

TECHNOLOGIES, INC. included in its Community Guidelines rules that its drivers were required to follow, all of which were published for the good of the general public and the plaintiffs in particular, including the following:

> If you notice at your pickup location that the rider or customer looks under 18, and the trip request was not made for a Teens account, you should request an ID to confirm age. If you're unable to confirm the rider is at least 18 years old, then please cancel the trip and report it to Uber.
>
> If, when you arrive at pick-up, you come across a minor who is alone late at night, in a dangerous or secluded area, seems nervous or disoriented, or is in any other type of unsafe situation then please contact 9-1-1.

See, https://www.uber.com/blog/our-guidelines-for-trips-requests-from-minors/, last visited on March 22, 2026.

26. That on March 10th, 2026 and at all times herein mentioned, UBER TECHNOLOGIES, INC. enacted as part of their Community Guidelines specific requirements that prohibited account holders from requesting rides for anyone under the age of 18 when neither the account holder, nor any other adult would ride with the minor, as follows:

> Account holders can't request a ride or delivery for someone under the age of 18 who will not be accompanied by either the account holder or another adult during the ride or when collecting the delivery.
>
> Adults can't request a ride for someone under the age of 18 or allow them to ride alone

See, https://www.uber.com/us/en/safety/uber-community-guidelines/keep-safe/?uclick_id=9eb83958-bcff-49e2-9600-1194d61770ad, last visited on March 22, 2026.

27. That on March 10th, 2026, and at all times herein mentioned, UBER TECHNOLOGIES, INC. required all drivers to confirm identification of its passengers.

28. That on March 10th, 2026, and at all times herein mentioned, the Uber App had no

prompt requiring riders to show identification.

29. That on March 10th, 2026, RICHARD ROE (a fictitious name due to lack of identity at this time) was an individual above the age of 18 and a resident of New York.

30. That prior to March 10th, 2026, JANE DOE and RICHARD ROE had an ongoing messaging thread on Snapchat with JANE DOE, as a 16-year-old girl, who did not understand the danger of this situation.

31. That on March 10th, 2026, RICHARD ROE ordered an Uber for the infant Plaintiff JANE DOE through the Uber App in violation of Defendant's promulgated policies. RICHARD ROE ordered an Uber to pick up JANE DOE to meet with her in person.

32. That on March 10th, 2026, MARY DOE, the minor's mother, did not receive a notification that her daughter had entered an Uber vehicle because the order for an Uber vehicle had not been placed through an Uber Teen account.

33. That late in the evening or night of of March 10th, 2026, JANE DOE, a minor, entered into an Uber vehicle operated by JOHN KOE under the authority of UBER TECHNOLOGIES, INC.

34. That on March 10th, 2026, driver JOHN KOE allowed JANE DOE, a minor, into his vehicle without an Uber Teen account in violation of their own policy.

35. That on March 10th, 2026, driver JOHN KOE allowed JANE DOE, a minor, into his vehicle without making any effort to ascertain her age in violation of their own policy.

36. That on March 10th, 2026, driver JOHN KOE allowed JANE DOE, a minor, in his vehicle without any adult present in violation of Defendant's policies.

37. That on March 10th, 2026, driver JOHN KOE allowed JANE DOE, a minor, in his vehicle despite the late hour.

38. That late in the evening or night of March 10th, 2026, driver JOHN KOE dropped JANE DOE, a minor, off alone late at night in a dangerous or secluded area without parental consent.

39. That on March 10th, 2026, driver JOHN KOE made no effort to make sure the infant Plaintiff JANE DOE was dropped off in a safe location, with a parent or guardian at the drop-off point.

40. That on March 10th, 2026, driver JOHN KOE did not use the emergency button to call the police nor did he in any other way make the slightest effort to notify the policy, such as by calling 9-1-1.

41. That on March 10th, 2026, as a direct and proximate result of the failure of JOHN KOE to follow the Community Guidelines, as set forth herein, RICHARD ROE led JANE DOE, a minor, into his own vehicle and proceeded to sexually assault, molest, and attack her repeatedly, all of which RICHARD ROE recorded on video. This attack caused Plaintiff physical and emotional harm from which she may never recover.

42. Defendant JOHN KOE's allowing the infant JANE DOE to exit his vehicle at the time and place alleged herein foreseeably led the infant JANE DOE to be in a situation of grave risk of physical harm, which unfortunately befell her.

43. That had the Defendant JOHN KOE followed the Community Guidelines which the defendant UBER TECHNOLOGIES, INC. had promulgated, the grave physical and psychological harm that befell the infant would not have happened.

44. Defendant JOHN KOE'S failure to follow the Community Guidelines proximately caused the infant JANE DOE to sustain the severe and serious injuries and trauma that sadly befell her on March 10th, 2026.

## <u>FIRST CAUSE OF ACTION</u>
## <u>*COMMON LAW NEGLIGENCE*</u>

45. Plaintiff repeats each and every allegation of this complaint as if fully set forth at length herein.

46. That the foregoing assault sustained by the infant JANE DOE was proximately caused by the negligence and lack of ordinary care of the Defendants jointly and severally.

47. The Defendants, and each of them, were negligent, reckless, and careless and failed to use reasonable care in violation of common law requirements applicable to common carriers, such as the defendant UBER TECHNOLOGIES, INC.

48. That by reason of the foregoing negligence of Defendants, Plaintiff JANE DOE was sexually assaulted against by RICHARD ROE; that Plaintiff had to experience severe emotional anguish, fear, physical pain, and emotional distress; that Plaintiff continues to feel emotional pain, anger, humiliation, and other emotional distress; and, as a further result, Plaintiff was, and will continue to be rendered unable to perform Plaintiff's normal activities and duties.

49. That as a result of the foregoing, Plaintiffs demand a judgment against the Defendants within the jurisdiction of the Court.

## <u>SECOND CAUSE OF ACTION</u>
## <u>*BREACH OF VOLUNTARILY ASSUMED DUTY*</u>

50. Plaintiffs repeat each and every allegation of this Complaint as if fully set forth herein.

51. That on March 10th, 2026 and at all times herein mentioned, Defendants through its Community Guidelines and other related rules assumed a duty to provide a higher level of safety and protection for minors utilizing its services.

52. That on March 10th, 2026 and at all times herein mentioned, Defendants through

the foregoing and other related rules violated the duty that they assumed to provide a higher level of safety and protection for teens using its services.

53. That on March 10th, 2026, and at all times herein mentioned, the Defendants jointly and severally violated UBER TECHNOLOGIES, INC.'s own policies and Community Guidelines by allowing minors into the subject vehicle and in particular violated its own policies and its Community Guidelines towards the infant Plaintiff, JANE DOE by inter alia, permitting a minor to be driven without parental consent, an adult present or an Uber Teen account, to be dropped off at a secluded and dangerous location, and in not calling or notifying the police.

54. That by reason of the foregoing and the negligence of Defendant(s), Plaintiff JANE DOE was sexually assaulted against by RICHARD ROE; that Plaintiff had to experience severe emotional anguish, fear, physical pain, and emotional distress; that Plaintiff continues to feel emotional pain, anger, humiliation, and other emotional distress; and, as a further result, Plaintiff was, and will continue to be rendered unable to perform Plaintiff's normal activities and duties.

55. That as a result of the foregoing Plaintiffs demand a judgment against the Defendants within the jurisdiction of the Court.

## THIRD CAUSE OF ACTION
## *RESPONDEAT SUPERIOR*

56. Plaintiff reiterates, repeats, and realleges each and every allegation set forth above as if fully set forth herein.

57. On March 10, 2026 and at all times herein mentioned, Defendant JOHN KOE was an employee and/or independent contractor acting on behalf of Defendant UBER TECHNOLOGIES, INC.

58. On March 10, 2026, Defendant JOHN KOE was negligent in the operation of his vehicle and in his failure to follow and apply the Community Guidelines, resulting in harm to the

infant plaintiff JANE DOE, as alleged herein.

59. On March 10, 2026 and at all times herein mentioned, Defendant JOHN KOE was acting in furtherance of the business of Defendant UBER TECHNOLOGIES, INC.

60. That Defendant UBER TECHNOLOGIES, INC. was complicit in JOHN KOE'S negligence and his failure to follow the Community Guidelines by having promulgated numerous internal policies which incentivized their drivers, including Defendant JOHN KOE to drive teens in violation of their Community Guidelines, including the following: that the driver would not receive full compensation for the ride if cancelled in accordance with Community Guidelines; that a driver would either receive $0 for an immediate cancellation, or getting a $5 cancellation fee if the driver waited 5 minutes, such as for an adult to come to the car and accompany the teen; and that a driver would be promoted to higher status within the company for a higher ride acceptance rate.

61. On March 10, 2026 and at all times herein mentioned, Defendant JOHN KOE was thus acting within the scope of his employment relationship with Defendant UBER TECHNOLOGIES, INC. by driving the infant Plaintiff JANE DOE in violation of the Community Guidelines.

62. By reason of the foregoing, Defendants UBER TECHNOLOGIES, INC. is vicariously liable for the negligent, and/or reckless acts of their driver the foreseeably and proximately caused the injuries complained of herein.

63. That by reason of the foregoing and the negligence of Defendant(s), Plaintiff JANE DOE was sexually assaulted against by RICHARD ROE; that Plaintiff had to experience severe emotional anguish, fear, physical pain, and emotional distress; that Plaintiff continues to feel emotional pain, anger, humiliation, and other emotional distress; and, as a further result, Plaintiff

was, and will continue to be rendered unable to perform Plaintiff's normal activities and duties.

64. That as a result of the foregoing Plaintiffs demand a judgment against the Defendants within the jurisdiction of the Court.

**FOURTH CAUSE OF ACTION**
***NEGLIGENT TRAINING AND SUPERVISION***

65. Plaintiff repeat each and every allegation of this complaint as if fully set forth at length herein.

66. That Defendant UBER TECHNOLOGIES, INC. herein was negligent, in the supervision and training of Defendant JOHN KOE.

67. That the failure of Defendant UBER TECHNOLOGIES, INC. to train and or supervise JOHN KOE foreseeably and proximately allowed the Defendant JOHN KOE to violate the common law duty of care and the Community Guidelines, which foreseeably and proximately caused the infant Plaintiff JANE DOE to sustain the grievous injuries of mind and body alleged herein.

68. That the failure of Defendant UBER TECHNOLOGIES, INC. to adequately and properly train and or supervise JOHN KOE foreseeably and proximately allowed the Defendant JOHN KOE to violate the assumed duties embodied in the Community Guidelines and elsewhere which were owed to the infant Plaintiff JANE DOE to sustain the grievous injuries of mind and body alleged herein.

69. That by reason of the foregoing and the negligence of Defendant(s), Plaintiff JANE DOE was sexually assaulted against her will by RICHARD ROE; that Plaintiff had to experience severe emotional anguish, fear, physical pain, and emotional distress; that Plaintiff continues to feel emotional pain, anger, humiliation, and other emotional distress; and, as a further result,

Plaintiff was, and will continue to be rendered unable to perform Plaintiff's normal activities and duties.

70. That as a result of the foregoing, Plaintiffs demand a judgment against Defendants within the jurisdiction of the Court.

## FIFTH CAUSE OF ACTION
## *LOSS OF SERVICES*

71. Plaintiff reiterates, repeats, and realleges each and every allegation set forth above as if fully set forth herein.

72. That by reason of the foregoing and the negligence of Defendant(s), Plaintiff MARY DOE experienced severe emotional anguish and distress from the assault of her daughter; and that Plaintiff MARY DOE had and will continue to have medical expenses and loss of wages from providing care for her daughter subsequent to this incident.

73. That one or more of the provisions of §1602 of the Civil Practice Law and Rules does apply to the within action.

74. That by reason of the foregoing, Plaintiff MARY DOE demands judgment against the Defendants within the jurisdiction limits of this Court.

## DEMAND FOR JURY TRIAL

75. Plaintiff demands a jury trial of the issues set forth herein.

**WHEREFORE**, the Plaintiff, JANE DOE, a minor, through her mother and guardian MARY DOE, and MARY DOE individually, demand judgment against the Defendant(s) in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, together with costs, and disbursements of this action, and with interest from the date of the accident, in an amount to be determined upon trial of this action.

Dated: Lawrence, New York
March 24, 2026

Yours, etc.

David J. Seidemann
DJ Seidemann and Associates
*Attorneys for Plaintiffs*
22 Beechwood Drive
Lawrence, NY 11559

Paul M. Sod
*Attorney for Plaintiffs*
337R Central Avenue
Lawrence, New York 11559

**PLAINTIFF'S VERIFICATION**

STATE OF NEW YORK)

ss.:

COUNTY OF NASSAU)

MARY DOE, individually, and on behalf of JANE DOE, a minor, being duly sworn, deposes and states:

I am the Plaintiff in the within action and have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof. I know, from personal knowledge the contents thereof to be true, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

MARY DOE

Affirmed before me this
24 day of MARCH, 2026

Notary Public

DAVID J SEIDEMANN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SE0034110
Qualified in Nassau County
Commission Expires February 24, 2029

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

---

**JANE DOE, a minor, through her mother and guardian, MARY DOE, and MARY DOE individually,**

**Plaintiff(s),**

**-against-**

**UBER TECHNOLOGIES, INC.; and JOHN KOE, an individual whose identity is not at present known,**

**Defendant(s).**

---

**SUMMONS & VERIFIED COMPLAINT**

---

**DAVID J. SEIDEMANN**
**Attorneys for Plaintiff**
**22 Beechwood Drive**
**Lawrence, NY 11559**
**(718) 300-3382**