UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>JANE DOE, a minor, through her mother and guardian, MARY DOE; and MARY DOE individually,<br><br>          Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and JOHN KOE,<br><br>          Defendants.</td><td>Case No. 2:26-cv-2619-JMA-SIL</td></tr>
</table>

**IT IS HEREBY STIPULATED** by and between the Parties to *Jane Doe, a minor through her mother and guardian, Mary Doe, and Mary Doe individually v. Uber Technologies, Inc. and John Koe*, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:[1]

1.      In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

      a.      "Proceeding" means the above-entitled proceeding, *Jane Doe, a minor through her mother and guardian, Mary Doe, and Mary Doe individually v. Uber Technologies, Inc. and John Koe* (Case No. CV 26-2619) (E.D.N.Y.).

---

[1] On April 20, 2026, prior to the removal of this action to the Eastern District of New York, the Parties agreed to a Stipulation and Order Governing the Disclosure of Plaintiffs' Identifying Information in the state court action (Index No. 606483/2026, N.Y. Sup. Ct., Nassau Cty.) ("April 20, 2026 Protective Order"), attached hereto as Exhibit A. The Parties agreed to the April 20, 2026 Protective Order in order to facilitate the disclosure of identifying information for the pseudonymously named Plaintiffs. This Stipulation and Protective Order supplements the April 20, 2026 Protective Order, which the parties agree to have remain in force and which is incorporated herein by reference.

b.      "Court" means the Hon. Steven I. Locke, Hon. Joan M. Azrack, or any other judge to which this Proceeding may be assigned, and any Court staff participating in such proceedings.

c.      "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.      "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.      "Designating Party" means the Party that designates Materials as "Confidential."

f.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.      "Documents" means (i) any tangible preservation of information, including writings, recordings, and photographs,  which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.      "Information" means the content of Documents or Testimony.

i.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.      The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.	The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.	Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced.  The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.  The Parties explicitly agree that any Document, Testimony, or Information containing the identities, home address(es) and other identifying confidential information ("Plaintiffs' Identifying Information") of Plaintiffs Jane Doe and Mary Doe shall be deemed "Confidential" whether or not the document in which any such Plaintiff's Identifying Information is disclosed is formally designated as "Confidential." Notwithstanding the above, any producing Party that produces or Discloses any Documents, Testimony, or Information containing Plaintiffs' Identifying Information shall still designate the Documents, Testimony, and Information as "Confidential" pursuant to this Stipulation and Protective Order.

a.	For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b.	For Testimony given in depositions, the Designating Party may either:

-3-

i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

ii.      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5.      The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production

-4-

within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

6.      In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections") within thirty (30) days of receipt of the designated items. Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the

Designation Objections, and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.      Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following "Qualified Persons":

a.      the Parties;

b.      the Court;

c.      (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

d.      those officers, directors, partners, members, employees, and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of

Confidential Materials to any such officer, director, partner, member, employee, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit B;

e.  court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f.  outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit B. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

g.  any other person that the Designating Party agrees to in writing.

8.  Before being given access to any Confidential Information, each Qualified Person shall be provided by counsel with a copy of this Stipulation and Protective Order and the Qualified Person shall sign the Non-disclosure Agreement, attached hereto as Exhibit B.  The Non-disclosure Agreement states that the person receiving Confidential Information ("Recipient") has read this Stipulation and Protective Order and agrees to be bound by its terms. The Recipient shall acknowledge in writing that he/she is not presently a competitor or employed

by a competitor of any of the Parties, and will not use any Confidential Document, Testimony, or Information obtained from any Confidential Document or Transcript to compete with any of the Parties. All Non-disclosure Agreements will be maintained throughout this action by the attorneys obtaining them. Should any Qualified Person be unwilling or unable to sign the Non-disclosure Agreement, counsel shall at that time meet and confer with the other Party or, upon notice to the other Party, raise the issue with the Court and seek the Court's guidance as to whether an alternative means of agreement (such as oral agreement by the Qualified Person) shall suffice.

9.      Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.  Any copy of Confidential Materials distributed to a Qualified Person shall be returned to counsel for the Designating Party at the completion of the Qualified Person's consultation or representation in this case.  Such Qualified Person shall, upon the request of counsel for the Designating Party or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned as required or destroyed.  Notwithstanding the foregoing, counsel for the Parties shall have the right to retain any Confidential Materials for use in any post-trial actions arising out of this Proceeding, including any appeals, to the extent permitted by law. To the extent counsel for the Parties require the retention of any Confidential Materials for tax or auditing purposes after the settlement or final termination of this Proceeding (including through appeal), the Parties agree to meet and confer about the Confidential Materials they need to retain. For the avoidance of doubt, nothing herein shall permit either Party or counsel to the Parties to

use any Confidential Materials for any purpose other than in connection with this Proceeding, including without limitation, in connection with any other claim, lawsuit, or legal action.

10. Except to the extent otherwise permitted by this Stipulation and Protective Order, counsel shall keep all materials or information designated as confidential and subject to this Stipulation and Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone except as provided herein.

11. Except to the extent otherwise permitted by this Stipulation and Protective Order, each and every Qualified Person who has access to Confidential Information subject to this Stipulation and Protective Order shall take all due precautions to maintain the confidentiality of all such materials and shall prevent the unauthorized or inadvertent disclosure of the Material. Counsel shall provide each Qualified Person a copy of this Stipulation and Protective Order.

12. Any Qualified Person having access to Material or Information designated as Confidential under this Stipulation and Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the Materials or Information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the Materials or Information of any portion thereof, as Confidential and all provisions of this Stipulation and Protective Order shall apply equally to such Materials so created, in the same manner and to the same extent as are Materials designated as Confidential by any Designating Party.

13. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties

to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

14.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; or

b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order);

i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Testimony, or Information.

15.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

16.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as

-10-

"Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order. If at any time a party realizes that previously undesignated documents or other material should be designated as Confidential Information, the party may so designate by advising all other parties in writing specifically identifying the information and furnishing the correct designation. The designated Documents or Material will thereafter be treated as Confidential Information pursuant to this Stipulation and Protective Order. Upon receipt of such designation in writing, the Parties and other Qualified Persons shall take reasonable and appropriate action to retrieve any disclosure, dissemination, or use of such information prior to re-designation

17.     If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any

Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

18.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

19.     If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

20.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

21.     A Party or, as appropriate, non-party, who seeks to file with the Court (i) any Document which have been designated as Confidential or containing Confidential Material, or (ii) any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Material shall either (a) file the document under seal in ECF with appropriate notifications within the ECF website that the filing contains unredacted, confidential information, or (b) file the document, pleading, brief, or memorandum on the ECF system in

-12-

redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Designating Party fails to move to seal within seven (7) days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

a.      In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Material produced by a Designating Party that is a non-party, the filing Party shall so notify that Designating Party within twenty four (24) hours after the Redacted Filing by providing the Designating Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Designating Party's Confidential Material unredacted.

b.      If the Designating Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system. If the Designating Party's timely motion to seal is denied, then the Party (or, as appropriate, nonparty) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

c.      Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 21 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

22.     The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

23.     Nothing in this Stipulation and Protective Order shall affect the admissibility into

-13-

evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

24.     This Stipulation and Protective Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control to the extent permitted by law. The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for the purposes of any proceeding brought by a Party to this action to enforce this Stipulation and Protective Order.

25.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

26.     Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked

-14-

at the deposition), (b) meet and confer with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law, the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

27.    After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

28.    The Parties and all signatories to the Non-disclosure Agreement attached hereto as Exhibit B agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

Date:  6/5/2026                                      By:  /s/ Paul Sod
                                                      Attorneys for Plaintiffs


Date: 6/5/2026                                       By: /s/ Rachel S. Mechanic
                                                      Attorneys for Defendant
                                                      Uber Technologies, Inc.

-15-

## EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------------- X

JANE DOE, a minor, through her mother and
guardian, MARY DOE, and MARY DOE
individually,

                     *Plaintiffs,*

    -against-

UBER TECHNOLOGIES, INC.; and JOHN
KOE, An individual whose identity is not at
present known,

                    *Defendants.*

---------------------------------------------------------------- X

INDEX NO. 606483/2026

**STIPULATION AND ORDER GOVERNING THE DISCLOSURE OF PLAINTIFFS' IDENTIFYING INFORMATION**

**IT IS HEREBY STIPULATED** by and between the Parties to *Jane Doe, a minor through her mother and guardian, Mary Doe, and Mary Doe individually v. Uber Technologies, Inc.; and John Koe, an individual whose identity is not at present known,* by and through their respective counsel of record, that in order to facilitate the disclosure to Defendant Uber Technologies, Inc. ("Uber") of identifying information for the pseudonymously named Plaintiffs, the Parties stipulate as follows:

    1.     In this Stipulation and Protective Order, the words set forth below shall have the following meaning:

         a.     "Proceeding" means the above-entitled proceeding, *Jane Doe, a minor through her mother and guardian, Mary Doe, and Mary Doe individually v. Uber Technologies, Inc.; and John Koe, an individual whose identity is not at present known* (Index No. 606483/2026) (N.Y. Sup. Ct., Nassau Cty.).

-1-

b.    "Confidential Identifying Information" means the names and other personal identifying information of the pseudonymously named Plaintiffs. No other information, materials, or documents other than the Confidential Identifying Information are intended to be included in this stipulation. Any other issues related to the production and handling of any confidential materials, information, or documents other than Confidential Identifying Information are specifically reserved for future stipulation(s) or court order(s).

2.    The Parties hereby agree that they will take all due precautions to maintain the confidentiality of the Confidential Identifying Information and to prevent the unauthorized or inadvertent disclosure of the Confidential Identifying Information.

3.    This Stipulation and Protective Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control to the extent permitted by law.

4.    Nothing herein shall prevent or limit the Parties from (i) agreeing to or pursuing with the Court a procedure for the disclosure of the Confidential Identifying Information to any third-parties necessary to each Party's prosecution or defense of this Proceeding through a subsequent or superseding Stipulation and Protective Order, or (ii) moving the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

5.    Currently pending within the Proceeding is Motion Sequence #1, which seeks leave of the Court to maintain the Proceeding under the pseudonyms stated in the caption of the Proceeding. Defendant Uber consents to Plaintiffs' maintaining the Proceeding under

-2-

pseudonym and consequently will submit no opposition to Plaintiffs' pending motion for such relief. Defendant Uber consents to Plaintiffs' submitting a copy of this stipulation to the Court as part of said pending motion.

6.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court to be "so-ordered." Counsel agree to be bound by the terms set forth herein with regard to any Confidential Identifying Information that has been disclosed before the Court signs this Stipulation and Protective Order. Counsel for Plaintiffs and Defendant represent that they enter into this stipulation with the express consent and authority and/or implied consent and apparent authority of their respective clients, and that by entering into this stipulation, each attorney expressly intends to bind his or her respective client(s) to the terms hereof.  Electronic signatures on this stipulation shall be deemed valid as originals.

Dated: _____4/20/26_____     By: _____
                                  Attorneys for Plaintiffs

Date: _____April 20, 2026_____     By: _____
                                  Attorneys for Defendant Uber

## <u>ORDER</u>

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and

Protective Order.

**IT IS SO ORDERED.**

Dated:  _____          _____

The Honorable Phil Solages, A.J.S.C.

## EXHIBIT B

### NON-DISCLOSURE AGREEMENT

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of _____, Case No. _____, pending in the Eastern District of New York.

I further understand that the Stipulation and Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them.

I further acknowledge that I am not presently a competitor or employed by a competitor of Plaintiffs or Defendants, and will not use any Confidential document, transcript, or information obtained from any Confidential document or transcript to compete with Plaintiffs or Defendants. In accepting disclosure, I agree to be bound by the Stipulation and Protective Order and to be subject to the jurisdiction of the Eastern District of New York for the purpose of its enforcement of the Stipulation and Protective Order and the enforcement of my obligations under this Non-disclosure Agreement.

Dated: _____          _____
                                                                 Recipient's Signature

## <u>PROPOSED ORDER</u>

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and

Protective Order.

**IT IS SO ORDERED.**

Dated: _____    _____

The Honorable Steven I. Locke