**Perkins Coie**

Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
perkinscoie.com

June 5, 2026

Rachel S. Mechanic
RMechanic@perkinscoie.com
D.  +1.212.261.6811
F.  +1.212.399.8081

**VIA ECF**

Hon. Joan M. Azrack
United States District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:**    *Jane Doe, et al. v. Uber Technologies, Inc., et al.*, **Case No. 2:26-cv-02619-JMA-SIL**

Dear Judge Azrack:

We represent Defendant Uber Technologies, Inc. ("Uber") in the above-referenced matter. Pursuant to Your Honor's Individual Rule IV.B, we respectfully submit this letter to request leave to file a motion to dismiss the Complaint.

This case arises from an alleged sexual assault committed by a third party, Richard Roe, who allegedly used the Uber App to request a ride for a sixteen-year-old minor, Jane Doe, in violation of Uber's Community Guidelines. The alleged assault occurred *after* the ride at issue was safely completed and *after* Jane Doe had exited the vehicle. The Complaint does not allege any facts establishing that the driver—much less *Uber*—knew that Jane Doe was a minor or the alleged purpose of the trip. Plaintiffs now seek to hold Uber and the driver—not Richard Roe—responsible for Roe's crimes. New York law is clear, however, that a defendant generally has no duty to protect a plaintiff against the conduct of a third party. Jane Doe was the victim of an awful crime. But the responsibility for that offense—both criminally and civilly—rests solely with Roe, not Uber or any of the other businesses that Roe used in some way in the course of planning and executing his assault. Accordingly, because well-established principles of law foreclose each of Plaintiffs' claims, the Court should dismiss the Complaint as against Uber.

## I.    Count I and Count III Fail Because Plaintiffs do not Allege a Special Relationship

Plaintiffs' common law negligence claim (Count I) fails because Plaintiffs have not identified any legal duty that Uber allegedly breached. Absent a "special relationship," a defendant "generally has no duty to control the conduct of third persons so as to prevent them from harming others." *David v. Weinstein Co. LLC*, No. 18-cv-5414 (RA), 2019 WL 1864073, at *6 (S.D.N.Y. Apr. 24, 2019). Examples of such special relationships include "master and servant . . . and common carriers and their passengers." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 233 (2001). Plaintiffs have not alleged the existence of any such relationship here.

*First*, Uber is not a common carrier. New York Transportation Law § 2(7) defines a "common carrier of passengers by motor vehicle" as "any person that transports passengers by motor vehicle for compensation by providing service for the general public . . . ." Where—as here—a Complaint

June 5, 2026
Page 2

"is devoid of any non-conclusory or factual allegations describing how Uber 'provide[s] services for the general public' . . . or how Uber is sufficiently similar to taxi companies," it fails to allege that Uber is a common carrier. *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 360–61 (S.D.N.Y. 2021). As in *Doe*, the Complaint here includes no non-conclusory allegations suggesting that Uber provides transportation services to the "general public." Moreover, even assuming that Uber is a common carrier for purposes of a negligence claim, it had no duty to protect Jane Doe from a third-party criminal assault that allegedly occurred after the trip was completed. *See Hayes v. City of New York*, 34 A.D.3d 208, 209–10 (1st Dep't 2006) (cruise ship not liable for assault on plaintiff by a fellow passenger that occurred after disembarkation from the ship). Plaintiffs allege that the assault occurred after the ride was completed and after Jane Doe had exited the vehicle. The injuries to Jane Doe thus occurred outside the scope of any duty of care that Uber even arguably had to protect against.

*Second*, no employment relationship existed between Uber and the independent driver, John Koe, because Koe is an independent contractor, not an employee. In determining whether an individual qualifies as an employee, the relevant standard is "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003). New York courts addressing this issue have consistently held as a matter of law that drivers who provide transportation to riders through the Uber App are independent contractors, not employees. *See, e.g.*, *Kamal v. Singh*, No. 23-CV-05498 (HJR), 2025 WL 3012790 (S.D.N.Y. Oct. 28, 2025); *Masi v. Khatiwada*, No. 716403/2019, 2025 WL 2945239 (N.Y. Sup. Ct. Queens Cty. Jan. 21, 2025). There is no basis for a different result here given the lack of allegations to the contrary in the Complaint. In fact, other than unsupported, conclusory allegations of "control," Plaintiffs include no allegations whatsoever as to "the degree of control" that Uber purportedly exercised over Koe. *Bynog*, 1 N.Y.3d at 198. Indeed, the Complaint itself acknowledges that Koe was "an employee *and/or independent contractor*." Compl. ¶ 57 (emphasis added). Plaintiffs cannot have it both ways, however, and in the absence of any factual allegations, Plaintiffs fail to allege the existence of an employment relationship between Koe and Uber.

The lack of an employment relationship is also fatal to Plaintiffs' vicarious liability claim (Count III). Under New York law, one who hires an independent contractor is generally "not liable for the independent contractor's negligent acts." *Kleeman v. Rheingold*, 81 N.Y.2d 270, 273 (1993). As Plaintiffs fail to allege the existence of an employment relationship between Koe and Uber, their vicarious liability claim fails.

## II.     Count II Fails Because Uber did Not Voluntarily Assume a Duty to Protect Jane Doe

Count II fails because Plaintiffs cannot satisfy the elements of a voluntary undertaking claim. To state a claim based on the breach of an assumed duty, a plaintiff must demonstrate "(1) that the plaintiff reasonably relied on the defendant's assumption of a duty and (2) that the defendant's conduct placed the plaintiff in a more vulnerable position than the plaintiff would have been in had the defendant done nothing." *Wendy Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83, 94 (E.D.N.Y. 2000) (cleaned up). Plaintiffs fail to meet both elements.

June 5, 2026
Page 3

*First*, the Complaint is devoid of any allegation of detrimental reliance. Plaintiffs do not allege that they were even *aware* of—let alone that they *relied* on—Uber's Community Guidelines. That alone warrants dismissal of this claim. *See Brown v. Wal-Mart Stores, Inc.*, 216 A.D.3d 1390, 1393 (4th Dep't 2023).

*Second*, Plaintiffs do not (and cannot) allege that Uber's purported undertaking to protect Jane Doe through its policy prohibiting unaccompanied minors on the platform *increased* the risk of harm to Jane Doe "over what it would have been" had Uber not had any protections in place at all. *Matthews v. U.S.*, 150 F. Supp. 2d 406, 414 (E.D.N.Y. 2001) (the relevant inquiry is "not whether the risk was increased over what it would have been if the defendant had not been negligent," but rather, "a duty is imposed only if the risk is increased over what it would have been had the defendant not engaged in the undertaking at all").

### III.   Count IV Fails to State a Negligent Training and Supervision Claim

Count IV also fails for two independent reasons. *First*, a claim for negligent training and supervision requires the existence of an employer-employee relationship. *See Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004). As explained above, Plaintiffs have alleged no such relationship between Uber and Koe. *Second*, even if an employment relationship existed, the claim still fails because Plaintiffs do not allege that Koe had a propensity to commit the allegedly tortious conduct—let alone that Uber *knew or should have known* of that propensity. *See Doe*, 551 F. Supp. 3d at 361–63.

### IV.   Mary Doe's Loss of Services Claim (Count V) Fails as a Derivative Claim

Finally, Mary Doe's claim for loss of services must fail because it is entirely derivative of Jane Doe's claims, all of which fail as a matter of law. *See Silverstein v. Bronxville Obstetrical & Gynecological Grp., P.C.*, 162 A.D.2d 676, 677 (2d Dep't 1990).

Moreover, even if the underlying claims survived, Mary Doe's loss-of-services claim independently fails because the Complaint contains no specific allegations of lost pecuniary support or services. *See Matthias v. United States*, 475 F. Supp. 3d 125, 142–43 (E.D.N.Y. 2020) (requiring specific allegations of lost services to sustain claim).

For the foregoing reasons, Uber respectfully requests that the Court schedule a pre-motion conference or set a briefing schedule for Uber's motion to dismiss the Complaint.

Respectfully submitted,

Rachel S. Mechanic

**cc: All counsel of record (via ECF)**