LAW OFFICES OF

# PAUL M. SOD

337R Central Avenue, Lawrence, New York 11559
Phone: (516) 295-0707 · Fax: (516) 295-0722
paulmsod@gmail.com · paulsodlaw.com

June 11, 2026

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
100 Federal Plaza
Central Islip, NY 11722

      Re:    Doe, et al v. Uber Technologies, Inc., et ano, Case No. 2:26-cv-02619-JMA-SIL

Dear Judge Azrack:

I represent the Plaintiffs Jane Doe, a 16-year old girl, and her mother, Mary Doe, who sue for grievous injuries—rape—that the infant plaintiff sustained.  Plaintiffs allege that a third-party perpetrator, who has been apprehended and charged with Rape in the 1st Degree, arranged for Defendant Uber Technologies, Inc. ("Uber") and its driver, defendant Richard Koe[1] ("Koe"), to transport the infant to the scene of the crime where tragically the infant was assaulted. Plaintiffs bring this suit seeking damages from Uber and its driver John Koe for their failures that proximately caused this calamity.

At the core of Plaintiffs' diversity action is the allegation that Uber violated provisions within Uber's app, the so-called "Community Guidelines". See, Complaint, ¶22-26.  The Community Guidelines set forth a comprehensive code of conduct for Uber's drivers when transporting minors, which Plaintiffs allege were violated and exposed the infant to harm, to wit:

- Complaint ¶26 quoted Uber's Community Guidelines that " 'Account holders can't request a ride or delivery for someone under the age of 18 who will not be accompanied by either the account holder or another adult during the ride or when collecting the delivery…Adults can't request a ride for someone under the age of 18 or allow them to ride alone.' See, https://www.uber.com/us/en/safety/uber-community-guidelines/keep-safe/?uclick_id=9eb83958-bcff-49e2-9600-1194d61770ad , last visited on March 22,

---

[1] Koe's identity is not currently known and thus he has not been served with legal process.  Initial discovery, which has not yet been filed or served, will seek his name and address.  It is a virtual certainty that Koe is a New York resident, as Uber, being a "Transportation Network Company" as defined by NYS Vehicle and Traffic Law §1692, is required by law to employ drivers holding a New York State Driver's License. VTL §1696(1)(a)(iv).  It is Plaintiffs' intention, once Uber discloses Koe's identity and residence, thereby confirming his New York State domicile, to have this matter remanded to Nassau County Supreme Court.

2026." Plaintiffs' complaint alleges the rapist, identified in the Complaint as "Richard Roe" arranged for an Uber ride for the infant and that Koe transported the infant alone to the scene of the crime. See, Complaint, ¶31 et seq.

- The Complaint ¶25 alleges that Uber's guidelines to its drivers further instructed its drivers that " 'If you notice at your pickup location that the rider or customer looks under 18, and the trip request was not made for a Teens account, you should request an ID to confirm age. If you're unable to confirm the rider is at least 18 years old, then please cancel the trip and report it to Uber…If, when you arrive at pick-up, you come across a minor who is alone late at night, in a dangerous or secluded area, seems nervous or disoriented, or is in any other type of unsafe situation then please contact 9-1-1.' See, https://www.uber.com/blog/our-guidelines-for-trips-requests-from-minors/ , last visited on March 22, 2026." The Complaint alleges violation of the foregoing: permitting the infant plaintiff in the Uber vehicle alone, making no attempt at age verification, not cancelling the trip nor report it to Uber, dropping her off alone in a dangerous and unsafe location, and failing to call 9-1-1. (Complaint ¶35-40)

Plaintiffs alleges that the combined failures of Uber and Koe mandate liability, and that unless liability is imposed, the Community Guidelines will be little more than a paper tiger, a schemata of regulations to protect minors with no teeth. Plaintiffs further contend that Uber is not only liable for its own failures but also is vicariously liable for the tortious failure of Koe to enforce all of the foregoing provisions, since under prevailing New York law, Uber is collaterally estopped from claiming Koe was an independent contractor. The Appellate Division, Third Department held in *Matter of Lowry*, 189 A.D.3d 1863, 138 N.Y.S.3d 238 (3d Dept. 2020), appeal dismissed, 37 N.Y.3d 1045, held that Uber drivers were *employees* and not independent contractors. The *Lowry* court held that despite Uber drivers' significant discretion in their actions, "substantial evidence supports the Board's finding that Uber exercised sufficient control over the drivers to establish an employment relationship. Uber controls the drivers' access to their customers, calculates and collects the fares and sets the drivers' rate of compensation." 189 A.D.3d at 1865.

With this background, Plaintiffs will now address and rebut Defendant's arguments.

I.    Count I, for General Negligence, is Grounded in New York Law

Plaintiffs contend that Count I, for general negligence, sets forth sufficient specific factual allegations that Uber is both directly and vicariously liable for the failures that proximately caused the infant to be injured. Plaintiffs contend that Defendants owed a duty to protect the infant from third-party harm under *Hamilton v. Berretta U.S.A. Corp.*, 96 N.Y. 2d 222, 233 (2001)(emphasis added), where the Court held "[t]he key in each is that the defendant's relationship with either the tortfeasor *or the plaintiff* places the defendant in the best position to protect against the risk of harm." Uber knew that there was a risk of harm to its minor passengers travelling without proper escort, and based on this knowledge, instituted two separate

slates of provisions—the Community Guidelines and the Teen accounts—to protect against that harm.

The Court of Appeals clarified *Berretta* in *Davis v. South Nassau Communities Hosp.*, 26 N.Y.3d 563, 572 (2015) where the Court stated, "Said another way, our calculus is such that we assign the responsibility of care to the person or entity that can most effectively fulfill that obligation at the lowest cost." Uber's 2025 financial results included 3.8 billion rides during year 2025 and $54.1 Billion in annual bookings. https://investor.uber.com/news-events/news/press-release-details/2026/Uber-Announces-Results-for-Fourth-Quarter-and-Full-Year-2025/, last visited June 9, 2026. Plaintiffs consequently contend that their First Count sufficiently pleads a cognizable basis for suing on general negligence against both Uber and Koe.

II.   Plaintiff's Second Count, for Breach of Voluntarily Assumed Duty, is Grounded

New York law provides that "[E]ven when no original duty is owed to the plaintiff to undertake affirmative action, once it is voluntarily undertaken, it must be performed with due care" *Beadell v. Eros Management Realty LLC*, Court of Appeals of New York, February 19, 2026, 2026 WL 4667872026 N.Y. Slip Op. 00962 at *3 (citations omitted) Granted, the law of voluntarily assumed duties requires that "conduct in undertaking the service [*must have*] somehow placed [*plaintiff*] in a more vulnerable position". Id. at *4 (citations omitted) Plaintiffs contend that allegations of having picked up an unescorted minor, in violation of the Community Guidelines, without asking her for ID and depositing her in a dangerous and unsafe neighborhood satisfy this obligation. Arguendo that the Court finds Plaintiffs' complaint to fail to make sufficiently detailed allegations, Plaintiffs respectfully request an opportunity to replead.

III.   Counts 3, 4 and 5 are Grounded in New York Law

Plaintiff's Third and Fourth Counts, for respondeat superior and negligent training and supervision, are grounded since Uber is collaterally estopped from denying that Koe was its employee. *Matter of Lowry*, supra. Plaintiffs have alleged that Koe was an Uber employee. Complaint, ¶57. In candor, Plaintiffs were unaware of *Matter of Lowry*, supra, when drafting the complaint, and request leave to replead Koe's status should the Court deem these allegations of Plaintiff's employment status insufficient.

Finally, Plaintiff's 5th Count, Plaintiff Mary Doe's derivative claim, rises and falls based on the success of the infant plaintiffs' claims. *Nealy v. U.S. Surgical Corp.*, 587 F. Supp. 2d 579, 585 (S.D.N.Y. 2008) For the reasons set forth herein, the infant plaintiff's claims are valid under New York law and properly pled, and for this same reason, the derivative claim on behalf of the mother, Mary Doe, should be allowed to proceed.

Respectfully submitted,

PAUL M. SOD (PS-9170)

PMS:nb
Cc: All counsel via ECF