LAW OFFICES OF

# PAUL M. SOD

337R Central Avenue, Lawrence, New York 11559
Phone: (516) 295-0707 · Fax: (516) 295-0722
paulmsod@gmail.com · paulsodlaw.com

August 26, 2026

VIA ECF
Magistrate Judge Steven I. Locke
100 Federal Plaza Courtroom 820
Central Islip, NY 11722

**Re:** ***Jane Doe, et al. v. Uber Technologies, Inc., et al.***
**Case No. 2:26-cv-02619-JMA-SIL**

Dear Honorable Sir:

I represent the Plaintiffs in this matter and write in response to the letter motion submitted by Defendant Uber Technologies, Inc. ("Uber") seeking permission to move for a stay of discovery. (ECF Doc. 22)

Simply put, Uber's purported basis for their application for a stay is based on rank and unfounded speculation, and presents no better than a theoretical discovery dispute as a basis for staying all discovery. Plaintiff meanwhile will have a risk of substantial prejudice if a stay is granted. The Court should not grant the broad relief Uber seeks and deny its application to move for a stay of discovery.

Plaintiffs concur that the standard for granting a stay are well-stated in Your Honor's decision in Weir v. City of New York, No. 18-cv-6095, 2021 WL 12160256, at *2 (E.D.N.Y. Apr. 8, 2021) (Locke, J.), cited by the Uber. To obtain a stay, the movant must demonstrate "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Uber's motion fails on all three counts.

First, Uber has not demonstrated that Plaintiff's claim is unmeritorious. To Plaintiff's knowledge, the Appellate Division, Third Department holding in *Matter of Lowry*, 189 A.D.3d 1863 (3d Dep't 2020) is binding law that Uber's drivers are employees of Uber. The negligence of Uber's driver in the causation of this tragic occurrence is squarely before the Court, and based on *Matter of Lowry*, the negligence of the driver should be attributable to his employer, Uber, under respondeat superior. Uber's argument in ECF Doc. 22 that "*Lowry* has no relevance to

this case" is rank speculation. Id. at 2. *Lowry's* impact on this case, whether determinative or as Uber argues irrelevant, will be for the Court to determine. This Court is urged not to take the speculative leap that Uber suggests and bootstrap Uber's argument into a finding that this case is unmeritorious.

Second, until Uber submitted its motion, Plaintiff did not have the slightest inkling that Uber deemed the discovery demands so broad as to be burdensome for Uber to comply with. In an email exchange with counsel in the interim between Uber's filing this motion and this response, (a) Uber stated that it was prepared to make a response to Plaintiff's discovery requests and present its objections and (b) the undersigned agreed to address Uber's objections in a meet and confer should that prove necessary. Plaintiff's point here is that there may or may not be a viable discovery dispute here, but without Uber's having even responded with its objections, it cannot be known whether Uber's objections can be resolved by stipulation, whether they may require submission to the Court for determination, or whether, as Uber suggests, they are so massive that discovery needs to be stayed.

Finally, Uber fails on the third prong, demonstrating the risk of unfair prejudice to the Plaintiff. This is a case involving a 16-year-old girl who was raped as a result of the negligence of Uber and its driver, Defendant John Koe. One of the discovery items sought is the name and address of the Uber vehicle driver who transported the minor Plaintiff to the hands of her assailant. The driver's name and address are known solely to Uber, and as a result he was named in this action under pseudonym. Once Uber discloses the name and address of Defendant Koe, it is Plaintiff's intention to serve said defendant. If discovery is stayed, more time will pass between the occurrence and service on Koe, increasing the risk that he will move or become otherwise available, thereby potentially depriving Plaintiff of a potential recovery against said defendant, and potentially depriving Plaintiff of the testimony of said defendant against his presumptive employer, Uber.

The cases cited by Uber on this point are all factually distinguishable. *Cohen v. Saraya USA, Inc.*, No. 23-cv-08079, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) was a class action lawsuit, and the proposed discovery there was far more extensive than the discovery to which Uber evidently objects. In *O'Reilly v. Inc. Vill. of Rockville Ctr.*, No. 23-cv-04249, 2024 WL 2054868, at *7 (E.D.N.Y. May 8, 2024), the magistrate judge made a preliminary determination that the claim presented was unmeritorious and was barred by the statute of limitations. In *Miller v. Trans Union, LLC*, No. 25-cv-03370, 2025 WL 2677078, at *4 (E.D.N.Y. Sept. 18, 2025), there also was a finding that the claim was unmeritorious, and the discovery at issue in that case was far more extensive than the discovery which Uber has indicated that it objects to herein.

Staying discovery also impinges on a jurisdictional issue in this case. Under NYS VTL §1697(1)(b)(iv), all drivers for a Transportation Network Company, of which Uber is one, must have a valid New York State driver's license. Once Koe is identified and served, the diversity of citizenship will be destroyed, and this matter will be remanded to its court of original jurisdiction, Nassau County Supreme Court. Staying discovery will have the result of retaining this matter in Federal Court artificially, and solely on the basis of Uber's withholding, potentially under the imprimatur of a stay that Uber seeks, Koe's name and address.

For the foregoing reasons, the Court is urged to deny Uber's request to move for a stay.

Very truly yours,

*s/ Paul M. Sod*

PAUL M. SOD

PMS:nb